UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JAMES GRAHAM, on behalf of himself and other individuals similarly situated, | Civil Action No. _____ |
| Plaintiff(s), | Hon. _____ |
| vs. | Mag. Judge _____ |
| NISSAN NORTH AMERICA INC.; NISSAN MOTOR ACCEPTANCE CORP.; NISSAN MOTOR ACCEPTANCE COMPANY LLC; NISSAN-INFINITI LT LLC; NISSAN OF GARDEN CITY; and other related entities and individuals, | **NOTICE OF REMOVAL** |
| Defendants. | |

---

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, under 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b), Defendants Nissan North America, Inc., Nissan Motor Acceptance Company LLC (f/k/a Nissan Motor Acceptance Corporation), and Nissan-Infiniti LT LLC (collectively, the ***Nissan Defendants***), hereby remove the above-captioned action from the Supreme Court of the State of New York, County of Nassau, to the United States District Court for the Eastern District of New York. In support of removal, the Nissan Defendants state as follows:

1. On or about June 1, 2022, Plaintiff James Graham, on behalf of himself and a putative class, commenced an action filed in the Supreme Court of New York, County of Nassau, entitled *Graham v. Nissan North America, Inc. et al.*, Index No.: 607116/2022 (the "***State Court Action***").

2. The Complaint in the State Court Action includes causes of action for (1) Breach of Contract; (2) violation of New York's General Business Law alleging unlawful deceptive acts

and practices, at New York General Business Law § 349; (3) violation of New York's General Business Law alleging false advertising in the conduct of business at New York General Business Law §§ 350 and 350(a)(1); and, (4) unjust enrichment. Plaintiff's complaint in the State Court Action is brought on behalf of a proposed statewide class of persons.

3. True and correct copies of all pleadings that were served on Defendants in the State Court Action are attached as **Exhibit A**. The document attached as Exhibit A, which is the Complaint, constitute all pleadings, process, and orders served on the Nissan Defendants in the State Court Action, as required by 28 U.S.C. § 1446(a).

4. The Nissan Defendants have not yet filed an answer or otherwise responded to Plaintiff's Complaint in the State Court Action.

5. This notice of removal is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure Rule 6(a) because it was filed within 30 days of the service on the Nissan Defendants of a copy of the Complaint, which occurred on July 29, 2022.

6. Removal to the United States District Court for the Eastern District of New York is proper because this is the district which embraces Nassau County, the county in which Plaintiff filed the State Court Action. 28 U.S.C. § 1441(a).

## BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1332

7. This action is a civil class action of which this Court has original jurisdiction under 28 U.S.C. § 1332(d)(2) and is one which may be removed to this Court by the Nissan Defendants under 28 U.S.C. §§ 1441(a), 1446, 1453(b).

8. The Class Action Fairness Act (*CAFA*) gives federal courts jurisdiction over class actions if (1) the class has more than 100 members, (2) the parties are minimally diverse,

and (3) the aggregate amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84-85 (2014) (citing 28 U.S.C. § 1332(d)).

9.  This Court initially may review the allegations in the complaint to assess whether jurisdiction under CAFA exists. *See Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013)("In determining whether the removing defendant has met this burden, courts look first to the plaintiffs' complaint…") Here, Plaintiff's allegations in his Complaint establish jurisdiction in this Court under CAFA.

*The Alleged Class Exceeds 100 Members*

10. This is a putative class action involving more than 100 alleged class members. *See* Compl. at ¶ 67 ("Plaintiff believes that there are thousands of customers who are Class Members described above who have been damaged by Defendants deceptive and misleading practices.").

*The Parties are Minimally Diverse*

11. The parties meet the CAFA threshold for at least minimal diversity

12. Minimal diversity exists "where at least one plaintiff and one defendant are citizens of different states." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006). Here, the parties are minimally diverse because Plaintiff, a member of the alleged class, is a citizen of a different state than one of the Nissan Defendants. See 28 U.S.C. § 1332 (d)(2)(A).

13. Plaintiff is a citizen of New York. (Compl. at ¶47.)

14. Nissan North America, Inc. (**NNA**) is a Delaware corporation with its principal offices in Tennessee and, as such, is a citizen of Delaware and Tennessee for diversity purposes. 28 U.S.C. § 1332(c)(1).

—3—

15. Nissan Motor Acceptance Company LLC (**NMAC**) is a Delaware limited liability company. Limited liability companies are citizens of each state where a member of the company is a citizen. *ICON MW, LLC v. Hofmeister*, 950 F. Supp. 2d 544, 546 (S.D.N.Y. 2013); *Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 49 (2d Cir. 2012) ("Defendant Aladdin is a limited liability company that takes the citizenship of each of its members.").

16. NMAC's sole member is NNA. Accordingly, NMAC also is a citizen of Delaware and Tennessee.

17. Defendant Nissan-Infiniti LT LLC is a Delaware limited liability company and an indirect wholly-owned subsidiary of NMAC. NMAC is the sole member of NILT LLC, a Delaware limited liability company, which itself is the sole member of Nissan-Infiniti LT LLC. Nissan-Infiniti LT LLC is thus also a citizen of Delaware and Tennessee.

*The Amount in Controversy Exceeds $5 Million*

18. The amount that Plaintiff's allegations place in controversy exceeds $5,000,000.00, exclusive of costs and interest. Plaintiff alleges that "Plaintiff and Class Members suffered an injury in the amount of the premium paid, the extra interest added, the credit harm done by Defendant, other damages, and the various fees paid by Plaintiffs to Defendants." (Compl. at ¶ 11.)

19. Plaintiff prays for "monetary damages, including treble damages" and "punitive damages[.]" *Id*. at p. 23, Demands for Relief.

20. Plaintiff also seeks attorney fees. *Id*. (seeking Class Members' "costs and expenses incurred in this action, including reasonable allowance of attorney's fees…").

21. The amount in controversy in this action exceeds the sum or value of $5,000,000, exclusive of interest and costs, when the claims of all class members are aggregated as provided in 28 U.S.C. § 1332(d)(6). *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590-91 (2013); *see also Dart, supra,* 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold….").

22. The Nissan Defendants deny that they have any liability to Plaintiff or to the putative class he seeks to represent, and they need not concede liability to establish the amount in controversy. Nevertheless, a fair reading of the allegations in Plaintiff's Complaint demonstrates that the alleged amount in controversy exceeds $5,000,000.00. *See Knowles*, 568 U.S. at 590-91.

23. Plaintiff alleges that the Nissan Defendants "charged Plaintiff $19,000.00 to purchase Plaintiff's vehicle off the lease" (Compl. at ¶ 33), which Plaintiff says exceeded his option to purchase the vehicle "for approximately $16,060.00 as well as a purchase option fee of $300.00." (Compl. at ¶ 32.)

24. In addition to the $2,640 in alleged excess purchase price, Plaintiff alleges that the Nissan Defendants are answerable in damages for a "litany of additional charges that included the following: (1) Total Protection Fee of $449.98, (2) Dealer Optional Fee for processing application $175.00, (3) Service Contract and Warranty $4,060.00, (4) $50.00 Fee (unexplained), and (5) Sales tax $2,243.60." (Compl. at ¶ 34.) Plaintiff also seeks statutory treble damages, punitive damages, statutory attorney fees, and injunctive relief. As such, Plaintiff alleges itemized damages of at least $9,600, plus the value of any trebling, punitive damages, attorney fees, and injunctive relief.

25. Plaintiff alleges that "there are thousands of customers who are Class Members…." *Id*. at ¶ 67. Further, Plaintiff alleges that "every member of the Class was susceptible to the same breaches, deceptive, discriminatory, and misleading conduct aimed at Plaintiff and purchased Defendants' Products." *Id*. at ¶ 69.

26. By alleging that thousands of others are similarly situated, Plaintiff alleges that there are thousands of others who may be entitled to damages in at least the approximate amount of $9,600, plus treble damages, punitive damages, and attorney fees. As such, the Complaint's allegations place in controversy more than $5,000,000, as even 1,000 class members multiplied by the alleged itemized damages of $9,600 well exceeds $5,000,000.00.

27. The Nissan Defendants are the primary defendants in this action, as Plaintiff seeks relief on behalf of a class of car buyers who purchased vehicles from all Nissan dealers in the State of New York, not only from Defendant Nissan of Garden City. (Compl. at ¶ 64.)

28. As required by 28 U.S.C. § 1446(d), the Nissan Defendants will provide written notice of the removal of this action to Plaintiff, and to the Supreme Court of New York, County of Nassau.

WHEREFORE, Nissan North America, Inc., Nissan Motor Acceptance Company LLC (f/k/a Nissan Motor Acceptance Corporation), and Nissan-Infiniti LT LLC, remove the State Court Action from the Supreme Court of the State of New York to this Court for further proceedings in this Court.

Dated: August 18, 2022

Respectfully submitted:

Nissan North America, Inc.

By: */s/ Peter J. Brennan*
    Jenner & Block LLP

    Jacob D. Alderdice
    1155 Avenue of the Americas
    New York, NY  10036-2711
    Telephone:  (212) 891-1600
    JAlderdice@jenner.com

    Peter J. Brennan
    353 N. Clark Street
    Chicago, IL 60654
    Telephone: (312) 923-2614
    PBrennan@jenner.com
    Counsel for Defendant Nissan North America, Inc.

Nissan Motor Acceptance Company LLC
(f/k/a Nissan Motor Acceptance Corporation)
and Nissan-Infiniti LT LLC

By:  */s/ Rudy Meola*
    Meola Law Firm
    Rudy Meola (pro hac vice forthcoming)
    1822 Western Avenue
    Albany, New York 12203
    Telephone: (518) 713-2030
    rudy@meolalaw.com
    Counsel for Defendant Nissan Motor Acceptance Company LLC and Nissan-Infiniti LT LLC

    McShane & Bowie, P.L.C.
    James R. Bruinsma (pro hac vice forthcoming)
    99 Monroe Ave., N.W., Suite 1100
    Grand Rapids, Michigan 49503
    Telephone: (616) 732-5000
    jrb@msblaw.com
    Co-Counsel for Defendant Nissan Motor Acceptance Company LLC and Nissan-Infiniti LT LLC